UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DAVID O. COOPER,

        Plaintiff,                                               Case No.: 3:13-cv-272

vs.

MONTGOMERY COUNTY, OHIO              District Judge Walter H. Rice
SHERIFF'S DEPARTMENT, *et al.*,           Magistrate Judge Michael J. Newman

        Defendants.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S *PRO SE* COMPLAINT BE DISIMSSED; AND (2) THIS CASE BE CLOSED**

---

       *Pro se* Plaintiff, a prisoner at the Warren Correctional Institution ("WCI"), has repeatedly failed to comply with deadlines set by the Court, and has never undertaken the work necessary to serve Defendants, despite being ordered to do so.  Plaintiff most recently failed to comply with the Court's November 20, 2013 Order to submit his summons forms and civil cover sheet by January 6, 2014.  Doc. 14 at PageID 35.  More than twenty-one days have passed since the January 6th deadline, and Plaintiff has filed no documents in response, nor sought any relief from (or asked to extend) that deadline.[2]  The Court therefore recommends that, pursuant to Fed. R. Civ. P. 41(b), Plaintiff's complaint be dismissed for failure to prosecute.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] The Court, aware that Plaintiff is incarcerated, has afforded him additional time before making the instant recommendation.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

**I.**

*Pro se* plaintiff filed his complaint on August 15, 2013, but failed to tender the $400 filing fee or move to proceed *in forma pauperis* ("IFP"). Doc. 1. Plaintiff also failed to submit the civil cover sheet and the USM Form 285 summons forms for the U.S. Marshall to complete service of process. *Id.* The Court issued a Deficiency Order on August 16, 2013, ordering Plaintiff to either pay the $400 filing fee or complete an Application and Affidavit by an Incarcerated Person to Proceed Without Prepayment of Fees and Costs, and submit it together with the required prisoner account statement on or before September 16, 2013. Doc. 2. Plaintiff was also ordered to submit the civil cover sheet and summons forms by this date, and was advised that failure to do so could result in the dismissal of his case. *Id.*

Plaintiff requested an extension of time to comply with the Deficiency Order and, on September 12, 2013, the Court extended the deadline to October 16, 2013. Docs. 3, 4. The Court advised Plaintiff that a failure to timely comply with the Deficiency Order could result in the Court recommending that the case be dismissed for failure to prosecute. Doc. 4.

Plaintiff filed his motion for leave to proceed IFP on September 17, 2013, which the Court granted the next day. Docs. 5, 6. The Court reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A and determined that dismissal was not warranted. Doc. 6 at PageID 24. The Court held service of the complaint, however, because Plaintiff again had failed to submit the civil cover sheet and summons forms. *Id.* The September 18, 2013 Order, together with blank civil cover sheet and summons forms, were mailed to Plaintiff at his address then listed on the docket sheet at the Southern Ohio Correctional Facility ("SOCF").

Plaintiff filed a motion for an Order to Show Cause on September 26, 2013, seeking an Order for a prison staff member to forward his IFP application. Doc. 7. On September 27, 2013,

Plaintiff advised the Court that his address on the docket sheet was incorrect and provided his new address at WCI, as he had been transferred from SOCF. Doc. 8. The Court's September 18, 2013 Order granting leave to proceed IFP (doc. 6) and accompanying civil cover sheet and summons forms were returned as undeliverable on October 25, 2013. Doc. 12. The Clerk of Courts re-mailed all documents to Plaintiff at his updated WCI address the same day. *Id.*

The Court denied Plaintiff's motion for an Order to Show Cause as moot on October 1, 2013 because his IFP application had previously been granted. Doc. 9. The Court acknowledged Plaintiff's change of address and ordered the Clerk of Courts to mail all relevant documents to Plaintiff at his new prison address. *Id.* at PageID 28. Finally, the Court reminded Plaintiff of the October 16, 2013 deadline to submit his civil cover sheet and summons forms, and again advised Plaintiff that a failure to comply could result in the Court recommending the dismissal of his case. *Id.* at PageID 27.

Plaintiff then filed another motion for an extension of time to comply with the Deficiency Order, advising the Court that he was then at the Ohio State Medical Center, not WCI. Doc. 10. The Court again granted Plaintiff an extension, affording him until November 18, 2013 to file his civil cover sheet and summons forms. Doc. 11. Yet again, the Court advised Plaintiff that a failure to submit these documents could result in the dismissal of his case. *Id.*

Plaintiff filed a third motion for an extension of time to submit his civil cover sheet and summons forms on November 19, 2013. Doc. 13. In support of his motion, Plaintiff advised the Court that he recently had surgery, rendering him unable to work on his case and without access to necessary materials. Doc. 13. Plaintiff further advised the Court that he expected to remain in the hospital for approximately one month (*i.e.*, until approximately December 19, 2013). *Id.*

The Court granted Plaintiff an additional forty-five days (*i.e.*, until January 6, 2014) in which to file his civil cover sheet and summons forms.  Doc. 14 at PageID 35.

Plaintiff was again advised that failure to comply with this Order could result in the Court recommending dismissal of his case.[3]  *Id.*  Plaintiff has failed to comply with this January 6, 2014 deadline, and has not filed any documents with the Court requesting an extension of that deadline, seeking any other relief, or advising the Court of a new address.  *See id.* at PageID 36 ("Plaintiff is also **ORDERED** to immediately notify the Court, in writing, of any and all changes in his address and/or place of incarceration or medical treatment").

## II.

The Federal Rules of Civil Procedure confer on District Courts the authority to dismiss a case "[i]f the plaintiff fails to prosecute or comply with these rules or a [C]ourt [O]rder."  Fed. R. Civ. P. 41(b); *see Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999).  "This measure is available to the [D]istrict [C]ourt as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *Knoll*, 176 F.3d at 363 (internal quotation marks omitted).  A District Court therefore "must be given substantial discretion in serving these tasks."  *Id*.

Nevertheless, "[t]he dismissal of a claim for failure to prosecute is a harsh sanction which the [C]ourt should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff."  *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736-38 (6th Cir. 2008) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)); *see also Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (declaring that a Court must weigh the "competing

---

[3] The Court also granted Defendant additional time to perform timely service of process under Fed. R. Civ. P. 4(m).  Doc. 14 at PageID 36; *see Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73-74 (6th Cir. 1994) (finding that *pro se* plaintiff's medical condition represented "good cause" to extend the 120-day limit for service of process).

concerns" of "the Court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims" against "the policy which favors disposition of cases on their merits"). "Contumacious" is defined as "perverse in resisting authority" and "stubbornly disobedient." *Schafer*, 529 F.3d at 737 (citing WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 497 (1986)).

The Sixth Circuit has identified four factors that are to be considered in reviewing a Court's dismissal for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll*, 176 F.3d at 363. "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the [D]istrict [C]ourt where there is a clear record of delay or contumacious conduct." *Id*.

To support a finding that a plaintiff's actions were motivated by willfulness, bad faith, or fault under the first factor, the Sixth Circuit has found that a plaintiff's conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Wu*, 420 F.3d at 643 (6th Cir. 2005) (brackets and internal quotation marks omitted); *see also Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997) (affirming dismissal and finding the plaintiff's conduct to be "stubbornly disobedient and willfully contemptuous" where plaintiff failed to respond to discovery requests and a motion to compel; failed to comply with a Court Order; and failed to oppose a motion to dismiss even after the District Court granted an extension of time to do so).

The Sixth Circuit has held, for purposes of the second factor, that a defendant is prejudiced by plaintiff's conduct where defendant "waste[d] time, money, and effort in pursuit of cooperation which [plaintiff] was legally obligated to provide."  *Schafer*, 529 F.3d at 737. Moreover, the Sixth Circuit has found that a plaintiff's failure to appear at a Court-ordered status conference, where defendant's counsel was "present and fully prepared to proceed," is sufficient to prejudice a defendant.  *Rogers v. City of Warren*, No. 06-3658, 2008 U.S. App. LEXIS 24409, at *19 (6th Cir. Nov. 26, 2008).

As for the third factor, the Sixth Circuit has consistently held that "[p]rior notice, or the lack thereof, is . . . a key consideration" in determining whether a District Court abused its discretion in dismissing a case for failure to prosecute.  *Schafer*, 529 F.3d at 737; *see also Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998).  The Sixth Circuit "has repeatedly reversed [D]istrict [C]ourts for dismissing cases because litigants failed to appear or to comply with pretrial [O]rders when the [D]istrict [C]ourts did not put the derelict parties on notice that further non-compliance would result in dismissal."  *Wu*, 420 F.3d at 644 (internal quotation marks omitted).

Finally, the Sixth Circuit has found that Orders to Show Cause are sufficient to satisfy the fourth factor in the test for failure to prosecute.  *Rogers*, 2008 U.S. App. LEXIS 24409, at *20-22.  In *Rogers*, the Sixth Circuit accepted the [D]istrict [C]ourt's reasoning that:

> In light of Plaintiff's repeated failure to appear, it is difficult to conceive the manner in which any other sanction imposed by the Court would impact the Plaintiff's conduct.  The Plaintiff has not responded in any discernible manner to the Court's [O]rder to [S]how [C]ause -- therefore, it is highly unlikely that any [O]rder imposing a lesser sanction would trigger a response.

*Id*. at *21.

### III.

Three of the four factors support dismissal of Plaintiff's complaint with prejudice. The other factor, prejudice to Defendants, is not applicable here because service of process has not been completed due to Plaintiff's actions.

Over five months after Plaintiff filed his initial IFP motion, service of process has yet to be completed solely due to Plaintiff's conduct. Plaintiff has filed three motions for extensions of time to comply with various Court Orders. Docs. 3, 10, 13. The Court has granted each motion. Docs. 4, 11, 14. Plaintiff has advised the Court that he has recently undergone medical procedures. Doc. 10 at PageID 29; Doc. 13 at PageID 32. The Court is sympathetic to Plaintiff's condition and has granted him considerable extensions of time to comply with the Court's Orders -- in fact, the Court recently granted Plaintiff a longer extension of time (forty-five days) than the thirty-day extension he sought. *See supra*; *see also* docs. 4, 11, 14. Nonetheless, the Court finds that Plaintiff's repeated failures to comply with Court-ordered deadlines warrant dismissal of his case.

The third factor weighs heavily in favor of dismissal. Plaintiff has been advised by the Court on five separate occasions that failure to comply with Orders could be grounds for dismissal of his case. *See* Doc. 2 at PageID 5; Doc. 4 at PageID 11; Doc. 9 at PageID 27; Doc. 11 at PageID 30; Doc. 14 at PageID 35-36; *see also* Doc. 6 at PageID 24 (advising Plaintiff that he has failed to file his summons forms). The Sixth Circuit has upheld dismissals for failure to comply with explicit directions contained in an Order directed to incarcerated *pro se* plaintiffs. *See Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) ("The plaintiffs' willful failure to comply with the [C]ourt's [O]rder, despite the warning of potential dismissal, justifies their dismissal for failure to prosecute"); *see also Anderson v. Comm'r of Soc. Sec.*, No. 2:13-cv-867,

2013 WL 6330758, at *2 (S.D. Ohio Dec. 5, 2013) (dismissing a case after a plaintiff, proceeding IFP, failed to provide a summons form and failed to otherwise comply with Court Orders).

As to the fourth factor, the Court finds that despite its best efforts to proceed here and reach the merits of Plaintiff's claims, less drastic sanctions are not available. *See Vance v. Sec'y*, 289 F.R.D. 254, 257 (S.D. Ohio 2013) ("[T]he Court finds there are no lesser sanctions to impose on Plaintiff . . . other than dismissal"); *Duvall v. Comm'r of Soc. Sec.*, No. 2:12-cv-486, 2012 WL 5288125, at *2 (S.D. Ohio Oct. 25, 2012) ("Because Plaintiff has missed deadlines and disregarded Court [O]rders, the undersigned concludes that no alternative sanction would protect the integrity of the pretrial process"), *adopted by* 2012 WL 5935950 (S.D. Ohio Nov. 27, 2012).

## IV.

For the reasons stated herein, the Court **RECOMMENDS** that:

1. Plaintiff's complaint be **DISMISSED**; and

2. This case be **CLOSED**.

January 28, 2014            s/ **Michael J. Newman**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).