UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DAVID O. COOPER,

    Plaintiff,

vs.

MONTGOMERY COUNTY, OHIO
SHERIFF'S DEPARTMENT, *et al.*,

    Defendants.

Case No. 3:13-cv-272

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

**ORDER: (1) DENYING PLAINTIFF'S MOTION FOR LEAVE (DOC. 58); AND (2) *SUA SPONTE* GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT DRAFTED BY COUNSEL**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**REPORT AND RECOMMENDATION[1] THAT DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. 52) BE DENIED AS MOOT WITHOUT PREJUDICE TO REFILE**

This civil case is presently before the Court on Defendants' motion for judgment on the pleadings directed to Plaintiff's first amended complaint filed *pro se*. Doc. 52. Plaintiff did not file a substantive opposition to Defendants' motion. Instead, Plaintiff attempted to file a second amended complaint *pro se*. Doc. 58. Because Plaintiff was not entitled to file an amended pleading without leave of court, *see* Fed. R. Civ. P. 15(a), the undersigned liberally construed Plaintiff's filing (doc. 58) as a motion for leave to file an amended pleading. Defendants filed a memorandum in opposition to Plaintiff's motion for leave, arguing that the proposed second amended complaint fails to cure alleged deficiencies in the first amended complaint. Doc. 63.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Following Plaintiff's *pro se* motion for leave to file the proposed second amended complaint, counsel entered an appearance on Plaintiff's behalf. Doc. 62. In light of that notice of appearance, the undersigned **DENIES** Plaintiff's *pro se* motion for leave. Doc. 58. In this regard, the undersigned will note that Plaintiff's *pro se* proposed second amended complaint fails to cure all deficiencies alleged by Defendants -- namely, Plaintiff continues to improperly name the Montgomery County Sherriff's Department as a party. *See Elam v. Montgomery County*, 573 F.Supp. 797, 804 (S.D.Ohio 1983) (holding that a county sheriff's office is not "an entity . . . subject to suit"). Instead, the undersigned, *sua sponte*, **ORDERS** Plaintiff to file a separate second amended complaint drafted by counsel on or before **July 1, 2015**. Leave is so **GRANTED** in that regard.

Because Defendants' motion for judgment on the pleadings is directed to Plaintiff's first amended complaint, the undersigned **RECOMMENDS --** in light of the above directive ordering a second amended complaint be filed -- that Defendants' motion be **DENIED AS MOOT WITHOUT PREJUDICE TO REFILE**. *See Laning v. Doyle*, No. 3:14-cv-24, 2014 WL 2805240, at *2 (S.D. Ohio June 20, 2014) (Rice, J.).

Should Plaintiff fail to file a second amended complaint as Ordered *supra*, this case will proceed on Plaintiff's first amended complaint and Defendants may refile the motion for judgment on the pleadings.


Date:  June 5, 2015                              *s/ Michael J. Newman*
                                                 Michael J. Newman
                                                 United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).