UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DAVID O. COOPER,

    Plaintiff,                                              Case No. 3:13-cv-272

vs.

MONTGOMERY COUNTY, OHIO         District Judge Walter H. Rice
SHERIFF'S DEPARTMENT, *et al.*,        Magistrate Judge Michael J. Newman

    Defendants.

---

**ORDER AND ENTRY: (1) GRANTING PLAINTIFF'S MOTION FOR LEAVE (DOC. 69); (2) DIRECTING PLAINTIFF TO SEPARATELY FILE THE SECOND AMENDED COMPLAINT WITHIN SEVEN DAYS; AND (3) DIRECTING PLAINTIFF'S COUNSEL TO SHOW CAUSE AS TO WHY SANCTIONS SHOULD NOT ISSUE**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**REPORT AND RECOMMENDATION[1] THAT DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. 68) BE DENIED AS MOOT**

---

      This civil case is presently before the Court on Defendants' renewed motion for judgment on the pleadings. Doc. 68. Plaintiff filed a memorandum in opposition to Defendants' motion. Doc. 70. Plaintiff also moves for leave to file a second amended complaint (doc. 69), which Defendant opposes (doc. 71). The Court has carefully considered each of these documents and the motions are now ripe for decision.

      Defendants previously filed a motion for judgment on the pleadings on February 26, 2016. Doc. 52. Despite seeking two extensions of time to respond to the motion for judgment on the pleadings (docs. 55, 57), Plaintiff -- who at that time was *pro se* -- failed to file any

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

opposition and, instead, sought to file a proposed second amended complaint (doc. 58).  Following Plaintiff's *pro se* motion for leave to file the proposed second amended complaint, counsel entered an appearance on Plaintiff's behalf.  *See* doc. 62.  In light of that notice of appearance, the undersigned granted Plaintiff leave to file a separate second amended complaint drafted by counsel on or before July 1, 2015.  Doc. 65.

Plaintiff's counsel, however, did not file the second amended complaint on or before July 1, 2015.  Further, Plaintiff's counsel never requested an extension of time to so file.  Instead, on July 16, 2015, Plaintiff sought leave to file the second amended complaint.  Doc. 69.  In the interests of justice, and for good cause shown, the Court **GRANTS** Plaintiff's motion for leave.  Doc. 69.  Plaintiff is **ORDERED** to separately file the second amended complaint within **seven (7) days** from the entry of this Order.

Because Plaintiff's counsel failed to filed the second amended complaint prior to July 1st as ordered, or seek an extension of time to so file before expiration of that deadline -- and given that, based upon such failure, Defendants filed the renewed motion for judgment on the pleadings on July 7, 2015 (doc. 68) -- the Court **ORDERS** Plaintiff's counsel to **SHOW CAUSE**, in writing, and within **fourteen (14) days**, as to why counsel should not be ordered to reimburse the reasonable attorney's fees incurred by Defendants in preparing and filing the renewed motion.

Finally, because Defendants' motion for judgment on the pleadings is directed to Plaintiff's first amended complaint, the undersigned **RECOMMENDS** that Defendants' motion (doc. 68) be **DENIED AS MOOT**.  *See Laning v. Doyle*, No. 3:14-cv-24, 2014 WL 2805240, at *2 (S.D. Ohio June 20, 2014) (Rice, J.).

Date:   August 11, 2015               *s/ Michael J. Newman*
                                       Michael J. Newman
                                       United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).