UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DAVID O. COOPER,

      Plaintiff,                            Case No. 3:13-cv-272

vs.

MONTGOMERY COUNTY, OHIO, *et al.*,     District Judge Walter H. Rice
                                    Magistrate Judge Michael J. Newman

      Defendants.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANTS' MOTION TO DISMISS BE DENIED WITH REGARD TO DEFENDANT MONTGOMERY COUNTY AND GRANTED WITH REGARD TO DEFENDANTS LARAVIE, FRISK, CONNOR AND VITALI; AND (2) THAT THE SECOND AMENDED COMPLAINT BE DISMISSED AGAINST DEFENDANTS LARAVIE, FRISK, CONNOR AND VITALI WITH PREJUDICE**

---

      This civil case is before the Court on the motion to dismiss filed by Defendant Montgomery County, and individual Defendants Curtis Laravie, Stacey Frisk, Thomas Connor and Jay Vitali (hereinafter referred to as "the individual moving Defendants").[2]  Plaintiff, through counsel, filed a memorandum in opposition to Defendants' motion.  Doc. 88. Defendants did not file a reply memorandum, and the time for doing so has expired.  The undersigned has carefully considered all of the foregoing, and Defendants' motion to dismiss is now ripe for decision.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Defendants Chuck Crosby and Daryl Wilson filed a separate answer and do not join in the motion to dismiss.  Doc. 79.  The analysis *infra* does not apply to Defendants Crosby and Wilson and, therefore, claims asserted against them remain pending.

## I.

For purposes of this motion to dismiss, the Court must: (1) view the complaint in the light most favorable to Plaintiff, and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009); *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). Plaintiff David O. Cooper is currently an inmate at the Southern Ohio Correctional Facility ("SOCF") in Lucasville, Ohio who suffers from borderline personality disorder ("BIF"). Doc. 74 at PageID 312. Plaintiff was also an inmate at SOCF serving a six-month parole violation in late February 2012, when, on February 29, 2012, he was transferred to the Montgomery County, Ohio Jail and remained detained pending trial on new state charges -- presumably the charges for which he is now serving a ten year prison sentence. *Id*. at PageID 314, 323; *see also* doc. 1 at PageID 1-2. According to the allegations in his second amended complaint, Plaintiff was detained pretrial in the Montgomery County Jail from February 29, 2012 through at least October 31, 2012. *See* doc. 74 at PageID 314, 323.

Plaintiff, *pro se*, commenced this civil action on August 15, 2013 against: (1) the Montgomery County Sheriff's Office; (2) "Barb Doe," an unknown mental health services agent; (3) an unnamed captain within the Montgomery County Sheriff's Office; (4) an unnamed major within the Montgomery County Sheriff's Office; (5) an unnamed second shift lieutenant within the Montgomery County Sheriff's Office; and (6) unnamed deputies within the Montgomery County Sheriff's Office. *See* doc. 1 at PageID 1. In his original complaint, Plaintiff asserted civil rights claims pursuant to 42 U.S.C. § 1983 arising from alleged actions and/or inactions taken by Defendants at the Montgomery County Jail during his detainment in 2012. *See id*. at PageID 1-3.

Plaintiff, again *pro se*, filed his first amended complaint on May 19, 2014 against: (1) the Montgomery County Sheriff's office; (2) Barb Doe; (3) Captain Chuck Crosby; (4) Major Daryl Wilson; (5) the unnamed second shift lieutenant within the Montgomery County Sheriff's Office; and (6) unnamed deputies within the Montgomery County Sheriff's Office.  Doc. 27 at PageID 77.  In the first amended complaint, Plaintiff again asserted civil rights claims pursuant to 42 U.S.C. § 1983. *See id*. at PageID 1-3.

This case is now before the Court on Plaintiff's second amended complaint filed through counsel on August 17, 2015.[3]  Doc. 74.  Plaintiff continues to assert claims under 42 U.S.C. § 1983 and adds/substitutes a number of new parties, namely: Dr. Anthony R. Whitaker;[4] Sergeant Curtis M. Laravie; Officer Stacey R. Frisk; Officer Thomas J. Connor; Officer Steven Leopold; and Sergeant Jay Vitali. *See* doc. 74 at PageID 312.  Plaintiff alleges a number of constitutional rights violations during his pretrial detainment, including but not limited to, the use of excessive force and acting with deliberate indifference to his serious medical needs. *See id*. at PageID 324. Plaintiff also now asserts claims for assault and battery under Ohio state law. *Id*. at PageID 325. Defendants move to dismiss the second amended complaint pursuant to Fed. R. Civ. P. 12(b)(5) & (6), as well as Rule 4(m).  Doc. 84 at PageID 362-71.

## II.

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief

---

[3] The claims in the second amended complaint are the only claims now before the Court. *See Drake v. City of Detroit, Michigan*, 266 F. App'x 444, 448 (6th Cir. 2008) (stating that "an amended complaint supercedes all prior complaints" and, therefore, claims not realleged in the amended pleading are no longer before the Court for consideration).

[4] The parties agree to dismiss all claims against Dr. Whitaker.  For good cause shown, and absent opposition by any party, the undersigned **RECOMMENDS** that the stipulation (doc. 92) be **GRANTED** pursuant to Fed. R. Civ. P. 21; that all claims against Dr. Whitaker be **DISMISSED**; and that he be **TERMINATED** as a party in this case.

can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Twombly*, 550 U.S. at 555).

In determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. In addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," as well as documents attached to a defendant's motion to dismiss that are important to the plaintiff's claims or if referred to in the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted); *Composite Tech., L.L.C. v. Inoplast Composites S.A. de C.V.*, 925 F. Supp. 2d 868, 873 (S.D. Ohio 2013).

A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not

permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

### III.

Defendants move to dismiss claims asserted against: (A) Montgomery County; and (B) the individual moving Defendants. The undersigned addresses the arguments presented by Defendants in turn.

### A. Montgomery County

Defendants first move to dismiss the claims against Montgomery County, arguing: (1) the County is not *sui juris*; and (2) Plaintiff fails to allege any facts supporting its liability under § 1983 and *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Doc. 84 at PageID 365-66.

### 1. *Sui Juris*

The Court first addresses Defendants' contention that the claims against Montgomery County -- all of which are asserted under 42 U.S.C. § 1983 -- must be dismissed because it is not *sui juris*, *i.e.*, not an entity capable of suing or being sued under Ohio law. *See* doc. 84 at PageID 365-66. In response, Plaintiff cites the case of *Stack v. Karnes*, 750 F. Supp.2d 892, 897-99 (S.D. Ohio 2010), in which Judge Frost concluded that, despite an Ohio county's lack of capacity to sue or be sued under Ohio law, individuals may properly sue counties under § 1983 for *Monell* claims. Such holding has been adopted by other Judges in this District. *Black v. Hamilton Cty. Pub. Def. Comm'n*, No. 1:12-CV-503, 2013 WL 684394, at *4 (S.D. Ohio Feb. 25, 2013) (Litkovitz, M.J.), *report and recommendation adopted*, No. 1:12CV503, 2013 WL 1155253 (S.D. Ohio Mar. 19, 2013) (Dlott, C.J.) (holding that "a county may be held liable [under §1983] even though it is not sui juris under Ohio law"). Finding authority supporting the contention that

Montgomery County may be sued under § 1983 on a *Monell* theory of liability, the undersigned finds no merit to Defendants' contention in this regard.

### 2. Sufficiency of the Pleadings

Defendants also argue that Plaintiff fails to plead sufficient facts to support a claim against it under the authority of *Monell*. *Id*. at PageID 366. "A local government is not responsible under § 1983 solely because injuries were inflicted by its employees or agents." *Brown v. Cuyahoga Cty., Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013) (citing *Monell*, 436 U.S. at 694). Instead, local governments are liable under § 1983 only "when execution of a government's policy or custom . . . inflicts the injury. *Id.* To survive a motion to dismiss, "[a] plaintiff must therefore specify a governmental policy or custom from which his injuries flowed." *Id*. (citing *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010)).

Plaintiff contends that he sufficiently pleads facts supporting his *Monell* claim in paragraph 93 of the second amended complaint, by alleging:

> Defendants Montgomery County, Crosby, and Wilson, enforced policies that caused Mr. Cooper's rights to be violated, failed to provide proper psychiatric medical care and endorsed improper customs at the Montgomery County Jail. These defendants also ratified their subordinate's unconstitutional conduct by failing to discipline defendant-officers or conduct a proper investigation.

Doc. 88 at PageID 389 (citing doc. 74 at PageID 324). While the allegations set forth in paragraph 93, viewed alone, appear conclusory to the undersigned, in the interests of justice, the Court has carefully reviewed all of the allegations in the second amended complaint, including but not limited to, allegations from which the undersigned can reasonably infer County policies of allegedly causing injury to Plaintiff. Such policies include, *inter alia*, cell assignments (observation units verses general population), the denial of prescribed medication following

incidents of hoarding, and the supervision of mentally ill inmates.  *See* doc. 74 at PageID 315-23. In light of the foregoing, the undersigned finds no merit to Defendants' motion in this regard.

### B.    Individual Moving Defendants

The individual moving Defendants also move to dismiss the claims asserted against them, arguing that: (1) they have not been properly served with process within the timeframe required by Fed. R. Civ. P. 4(m); and (2) the claims asserted are barred by the applicable statutes of limitation.  *Id*. at PageID 366-70.  The Court need only address Defendants' second argument.[5]

Specifically, Defendants Laravie, Frisk, Connor and Vitali argue that Plaintiff's causes of action all accrued on or before October 31, 2012, and that he did not file his second amended complaint adding them as parties to this litigation in place of "Doe" or "unknown Defendants" until August 17, 2015, well beyond the two-year limitations period for § 1983 claims, *see Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989), and even further beyond the one-year limitations period for assault and battery claims under Ohio law, *see* Ohio Rev. Code § 2305.111(B).[6]  In response, Plaintiff points to Fed. R. Civ. P. 15(c), which governs the relation back of amendments to a pleading.

---

[5] Defendants argue that, under Rule 4(m), they were required to be served on or before December 15, 2015, but that they were not served by that date.  *See* doc. 84 at PageID 367.  Instead, Defendants represent that they executed waivers of service on January 14, 2016, approximately one month after the purported expiration of the Rule 4(m) deadline.  *Id*.  Plaintiff, through counsel -- an officer of the Court -- represents that he held off on serving Defendants because the parties were engaged in settlement discussions until the end of December, and that he sent waivers of service the first week of January 2016, after those discussions concluded.  *See* doc. 88 at PageID 389-90.  Even assuming, *arguendo*, that Defendants did not waive any failure of service affirmative defense by executing waivers of service on or about January 14, 2016, the Court, nevertheless, finds that good cause exists for extending the Rule 4(m) deadline as demonstrated in Plaintiffs' memorandum in opposition.  *See id*.  Even in the absence of this good cause, the undersigned concludes that the interests of justice -- namely the desire to resolve disputes on the merits -- would weigh in favor of a short extension in this regard.

[6] While Plaintiff's second amended complaint was filed through counsel, the Court notes that counsel first entered an appearance on behalf of Plaintiff on April 30, 2015 (doc. 62), after expiration of the applicable statutes of limitation.

"The Sixth Circuit treats naming a specific individual in place of a John Doe as joinder of a new party[,]" *i.e.*, a change of parties and not a "mere substitution of parties." *Wiggins v. Kimberly-Clark Corp.*, No. 15-5240, --- F. App'x ---, 2016 WL 537247, at *3 (6th Cir. Feb. 10, 2016) (citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996)). Specifically, "[a]n amendment that has the effect of changing a party is controlled by Federal Rule of Civil Procedure 15(c)(1)(C). *Erie Indem. Co. v. Keurig, Inc.*, No. 1:10-CV-02899, 2011 WL 2893013, at *1 (N.D. Ohio July 15, 2011) (citing *Jackson v. Herrington*, 393 F. App'x 348, 352 (6th Cir. 2010)). Where, as here, "the amendment is filed after the statute of limitation period has run, it will only relate back to the date of the filing of the initial complaint if three requirements are met[:]"

> [1] the claims raised against the new party must arise from the same transaction as the claims in the original complaint[;] [2] the new party must not now be prejudiced by having to defend the suit[;] [a]nd [3] the new party must have had actual or constructive knowledge that it would have been a defendant in the action "but for a mistake concerning the proper party's identity" within the time for service set out in Rule 4(m).

*Id.* Defendants, in their motion to dismiss, make no argument regarding the relation back of the second amended complaint and fail to respond to the arguments advanced by Plaintiff in this regard. *See* doc. 84 at PageID 369-70; doc. 88 at PageID 391-92.

Nevertheless, Plaintiff bears the burden of establishing relation back, and fails to meet the "mistake" requirement of Fed. R. Civ. P. 15(c)(1)(C)(ii). *DeBois v. Pickoff*, No. 3:09CV230, 2011 WL 1233665, at *5 (S.D. Ohio Mar. 28, 2011). While Plaintiff argues that he attempted to identify the parties involved "as best as [he] could" at the time of his original filing, he never determined their real identities before expiration of the limitations period and continued forward against these unidentified Defendants as "Doe" Defendants. *See* doc. 1 at PageID 1; doc. 27 at PageID 77.

Rule 15(c)(1)(C) "allows relation back for the mistaken identification of defendants, not for defendants to be named later through 'John Doe,' 'Unknown Defendants' or other missing appellations." *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012); *see also Brown v. Cuyahoga Cnty., Ohio*, 517 F. App'x 431, 433-34; *Wiggins*, 2016 WL 537247, at *4. The record demonstrates here that Plaintiff "did not make a mistake about the identity of the parties he intended to sue" and, instead, "he did not know who they were and apparently did not find out within the two-year limitations period." *Id*. The Sixth Circuit has made clear that "the relation-back protections of Rule 15(c) were not designed to correct that kind of problem." *Id*. Although the Court recognizes that Plaintiff initiated this case *pro se*, the Court cannot alter "procedural rules in ordinary civil litigation . . . so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Accordingly, Plaintiff's claims against Laravie, Frisk, Connor and Vitali should be dismissed as barred by the applicable statute of limitations.

## IV.

Based on all of the foregoing, the undersigned R**ECOMMENDS** that: (1) Defendants' motion to dismiss (doc. 84) be **DENIED** with regard to the claims asserted against Montgomery County; (2) that the motion to dismiss (doc. 84) be **GRANTED** with regard to claims asserted against Defendants Laravie, Frisk, Connor and Vitali; and (3) that the claims against Defendants Laravie, Frisk, Connor and Vitali be **DISMISSED WITH PREJUDICE**.

Date:   July 7, 2016                                    *s/ Michael J. Newman*
                                                         Michael J. Newman
                                                         United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).