IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID O. COOPER,

    Plaintiff,

v.

MONTGOMERY COUNTY, OHIO,
et al.,

    Defendants.

:
:
:
:
:

Case No. 3:13-cv-272

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #93);
OVERRULING PLAINTIFF'S OBJECTIONS THERETO (DOC. #96);
SUSTAINING IN PART AND OVERRULING IN PART MOTION TO
DISMISS OF DEFENDANTS MONTGOMERY COUNTY AND
DEFENDANTS SGT. CURTIS LARAVIE, OFFICER STACY FRISK,
OFFICER THOMAS CONNOR, AND SGT. JAY VITALI (DOC. #84);
DISMISSING WITH PREJUDICE ALL CLAIMS AGAINST DEFENDANTS
SGT. CURTIS LARAVIE, OFFICER STACY FRISK, OFFICER THOMAS
CONNOR, AND SGT. JAY VITALI; DIRECTING PLAINTIFF TO SHOW
CAUSE IN WRITING, WITHIN 10 DAYS, WHY CLAIMS AGAINST
OFFICER STEVEN LEOPOLD AND JOHN DOE OF SUMMIT
BEHAVIORAL HEALTH SHOULD NOT BE DISMISSED WITHOUT
PREJUDICE FOR FAILURE TO OBTAIN TIMELY SERVICE OF PROCESS

---

Plaintiff, David O. Cooper, alleges that his constitutional rights were violated when he was a pretrial detainee at the Montgomery County Jail. In addition to seeking relief under 42 U.S.C. § 1983, he asserts a claim of assault and battery. The Second Amended Complaint, Doc. #74, asserts claims against the following defendants: Montgomery County, Ohio; John Doe of Summit Behavioral Health; Dr. Anthony Whitaker; Captain Chuck Crosby; Major Daryl Wilson; Sergeant Curtis

Laravie; Officer Stacey Frisk; Officer Thomas Connor; Officer Steven Leopold; and Sergeant Jay Vitali. All claims against Dr. Whitaker were voluntarily dismissed on May 24, 2016. Doc. #92.

On July 7, 2016, United States Magistrate Judge Michael J. Newman issued a Report and Recommendations, Doc. #93, recommending that the Court sustain in part and overrule in part the Motion to Dismiss of Defendants Montgomery County and Defendants Sgt. Curtis Laravie, Officer Stacey Frisk, Officer Thomas Connor, and Sgt. Jay Vitali, Doc. #84. He found that Plaintiff had stated a viable claim under 42 U.S.C. § 1983 against Defendant Montgomery County. Montgomery County has not objected to this finding.

Magistrate Judge Newman also found that Plaintiff's claims against Defendants Laravie, Frisk, Connor and Vitali were all time-barred. The events giving rise to this lawsuit occurred in 2012. Neither the original Complaint, Doc. #1, nor the Amended Complaint, Doc. #27, identified these defendants by name. They were simply listed as John Doe defendants. It was not until Plaintiff filed the Second Amended Complaint, Doc. #74, on August 17, 2015, that he substituted Laravie, Frisk, Connor and Vitali for the John Doe defendants. This is well beyond the two-year statute of limitations for the § 1983 claims, and the one-year statute of limitations applicable to the assault and battery claim. *See Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989); Ohio Rev. Code § 2305.111(B).

Because Plaintiff has filed Objections to this portion of the Report and Recommendations, Doc. #96, the Court must make a *de novo* review, and may

2

accept, reject or modify the recommended disposition.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

The parties agree that the relevant issue is governed by Federal Rule of Civil Procedure 15(c)(1)(C).  Rule 15(c) states as follows:

> **(1) *When an Amendment Relates Back.*** An amendment to a pleading relates back to the date of the original pleading when:
>
> **(A)** the law that provides the applicable statute of limitations allows relation back;
>
> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

As Magistrate Judge Newman noted, the Sixth Circuit has held that "a mistake concerning the proper party's identity," Fed. R. Civ. P. 15(c)(1)(C)(ii), means "[a]n error, misconception, or misunderstanding; an erroneous belief." *Brown v. Cuyahoga Cty.*, 517 F. App'x 431, 434 (6th Cir. 2013) (quoting *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548 (2010)).  A "mistake" does not result from a plaintiff's failure to exercise due diligence to learn the true identity of John

3

Doe defendants within the applicable statute of limitations period. *See Brown*, 517 F. App'x at 433-34 ("absence of knowledge is not a mistake as required by Rule 15(c)(1)(C)(ii)"); *Smith v. Akron*, 476 F. App'x 67, 69 (6th Cir. 2012) (holding that substituting previously unknown defendants for John Doe defendants does not satisfy the "mistaken identity" requirement of Rule 15(c)).

Plaintiff does not deny that this is a correct statement of the law. He argues, however, that given the circumstances presented here, the Court should find that the Second Amended Complaint relates back to the original Complaint, and should decide the claims on their merits. He explains that, in the original Complaint, Doc. #1, and the Amended Complaint, Doc. #27, he identified the parties involved as best as he could by their shifts and their names, and explained the nature of the John Doe defendants' participation in the events giving rise to this suit. He maintains, therefore, that they knew or should have known that they would be defendants in this action, and will suffer no prejudice if he is permitted to proceed.

This, however, is not enough. Plaintiff must also show that he made a "mistake concerning the proper party's identity." *Smith*, 476 F. App'x at 69. As in *Smith*, he "did not make a mistake about the identity of the parties he intended to sue; he did not know who they were and apparently did not find out within the two-year limitations period. The relation-back protections of Rule 15(c) were not designed to correct *that* kind of problem." *Id.* (emphasis in original). *See also Wiggins v. Kimberly-Clark Corp.*, -- F. App'x --, 2016 WL 537247, at *4 (6th Cir.

4

Feb. 10, 2016) (holding that even if defendants knew or should have known that the plaintiff intended to sue them, plaintiff "failed to establish that his lack of knowledge of their identities was due to a 'mistake' as the Rule requires.").

Plaintiff notes that, throughout the course of this litigation, he has been plagued by serious physical and mental health problems, and he did not obtain counsel until after the statutes of limitations had run on his claims. While the Court sympathizes with the struggles Plaintiff has faced, he is nonetheless bound by the procedural rules, regardless of whether he is represented by counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). As the Sixth Circuit noted in *Wiggins*, once he filed suit, he had the tools he needed to seek discovery concerning the identity of the John Doe defendants, and had ample time to amend the Complaint before the statutes of limitations ran. –F. App'x--, 2016 WL 537247, at *4.

Given the circumstances presented here, the relation-back provision does not save Plaintiff's claims against Defendants Laravie, Frisk, Connor or Vitali. As the court explained in *Brown*, "'[m]istake' means an actual mistake." 517 F. App'x at 435. The relation-back provision does not apply where, as here, the plaintiff simply fails to exercise due diligence in identifying whom to sue. *Id.* at 434.

For this reason, the Court ADOPTS Magistrate Judge Newman's Report and Recommendations, Doc. #93, in its entirety, and OVERRULES Plaintiff's Objections thereto, Doc. #96. Based on the reasoning and citations of authority set forth in the Report and Recommendations, as well as upon a thorough *de novo* review of

Case: 3:13-cv-00272-WHR-MJN Doc #: 98 Filed: 08/05/16 Page: 6 of 7 PAGEID #: 442

this Court's file and the applicable law, the Motion to Dismiss of Defendants Montgomery County and Defendants Sgt. Curtis Laravie, Officer Stacey Frisk, Officer Thomas Connor, and Sgt. Jay Vitali, Doc. #84, is SUSTAINED IN PART and OVERRULED IN PART.

Because all claims against Defendants Laravie, Frisk, Connor, and Vitali are time-barred, they will be DISMISSED WITH PREJUDICE. Plaintiff may proceed on his § 1983 claims asserted against Montgomery County. In addition, Plaintiff's claims against Captain Chuck Crosby and Major Daryl Wilson remain pending.

The Court notes that Officer Steven Leopold, and John Doe of Summit Behavioral Health, were also named as Defendants in the Second Amended Complaint. However, it is not clear from the record whether they agreed to waive service, or whether they were properly served within the 120-day limit that was still in effect on the date the Second Amended Complaint was filed. *See* Joint Motion to Vacate Scheduling Order, Doc. #83, PageID##359-60 (indicating that Defendants Montgomery County, Crosby, Wilson, Laravie, Frisk, Connor, and Vitali agreed to waive service on February 12, 2016). Accordingly, within 10 days of the date of this Decision and Entry, Plaintiff is ordered to SHOW CAUSE in writing why the claims against Officer Steven Leopold and John Doe should not be dismissed without prejudice for failure to timely complete service of process.

Date: August 4, 2016

WALTER H. RICE
UNITED STATES DISTRICT JUDGE