IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID O. COOPER,  :

    Plaintiff,

    v.  :  Case No. 3:13-cv-272

MONTGOMERY COUNTY, OHIO,  :  JUDGE WALTER H. RICE
et al.,

    Defendants.  :

---

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION FOR
RECONSIDERATION (DOC. #133)

---

This matter is currently before the Court on Defendant Montgomery County's

Motion for Reconsideration, Doc. #133, of the June 30, 2017, Decision and Entry, Doc.

#123, granting summary judgment in favor of Defendants on all but one portion of

Plaintiff's § 1983 claim against Montgomery County. The only claim remaining for trial

stems from Plaintiff's allegation that he was forced to sleep on the concrete floor of his

jail cell for four months without a mattress, thereby violating his Fourteenth Amendment

due process rights. The Court found that a reasonable jury could find that an unwritten

jail policy was the moving force behind the alleged constitutional violation.

Montgomery County correctly notes that motions for reconsideration are typically

granted only when there is: "(1) an intervening change of controlling law; (2) new

evidence available; or (3) a need to correct a clear error or to prevent manifest

injustice." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959

(6th Cir. 2004). The County fails to identify which of these provides the basis for its

motion; however, given that the County cites no intervening change of controlling law and no new evidence, the Court presumes that the County believes that there is a need to correct a clear error or to prevent manifest injustice. The Court rejects this argument.

In its Motion for Reconsideration, Montgomery County argues that only the Sheriff has control over the county jail. The County implies that, because the County itself has no authority to create jail policy, it cannot be held liable for constitutional violations stemming from policies at the jail. This argument has been repeatedly rejected by the Sixth Circuit and by this Court, and will be rejected once again. *See Swink v. Montgomery Cty. Bd. of Commr's*, No. 3:16-cv-392, 2017 WL 3600433, at **4-5 (S.D. Ohio Aug. 18, 2017) (collecting cases). Because the Sheriff is the law enforcement arm of the County and has such a close relationship with the County, the County may be held liable for constitutional violations at the jail. *See, e.g., Marchese v. Lucas*, 758 F.2d 181, 189 (6th Cir. 1985); *Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241 (6th Cir. 1989).

Moreover, as the Court noted in *Swink*, because the Sheriff's Office is not *sui juris*, "[t]o hold that the Board [of County Commissioners] could not be liable for any unconstitutional policies implemented at the Jail would have the practical effect of eliminating Montgomery County's potential liability under *Monell*. . . .*Marchese* and its progeny, recognizing this danger, correctly allowed *Monell* liability claims under similar circumstances to proceed." *Swink*, 2017 WL 3600433, at *5.

Montgomery County also argues that Defendants Captain Chuck Crosby and Major Daryl Wilson, officials at the Montgomery County Jail, have no final policymaking authority for either Montgomery County or the Sheriff's Office. This is of no import.

Although actions taken by an official with final decision-making authority may give rise to municipal liability, liability may also arise as the result of an unwritten custom, policy or practice. As the Court previously held, based on Wilson's testimony that suicidal inmates are often deprived of mattresses, a reasonable jury could find that Montgomery County had an unwritten policy, custom or practice that was the driving force behind the alleged constitutional violation. Doc. #123, PageID#1363.

For these reasons, the Court OVERRULES Defendant Montgomery County's Motion for Reconsideration, Doc. #133.


Date: October 16, 2017

WALTER H. RICE
UNITED STATES DISTRICT JUDGE