IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID O. COOPER, :

    Plaintiff, :

v. : Case No. 3:13-cv-272

MONTGOMERY COUNTY, OHIO, : JUDGE WALTER H. RICE

    Defendant. :

---

DECISION AND ENTRY SUSTAINING IN PART AND RESERVING RULING IN PART ON DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO OTHER LAWSUITS, DISMISSED CLAIMS, ALLEGED INCIDENTS NOT THE SUBJECT MATTER OF THIS CASE, EXPERT TESTIMONY OF NON-EXPERT WITNESSES, HEARSAY EVIDENCE, AND IRRELEVANT FACTS (DOC. #134); SUSTAINING PLAINTIFF'S UNOPPOSED MOTION IN LIMINE TO EXCLUDE DEFENDANT'S EXHIBITS DX14 AND 15 (DOC. #140); SUSTAINING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF JOE TUSS (DOC. #141); RESERVING RULING ON DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO SUBSEQUENT CHANGES IN POLICY (DOC. #147)

---

Trial is set to begin on January 16, 2018, on Plaintiff's one remaining claim, a 42 U.S.C. § 1983 claim against Defendant Montgomery County, based on Plaintiff's allegation that his Fourteenth Amendment due process rights were violated when he was deprived of the minimal civilized measure of life's necessities while he was a pretrial detainee at the Montgomery County Jail, and that a policy or custom of the County was the driving force behind the alleged constitutional violation.

This matter is currently before the Court on four motions in limine: (1) Defendant Montgomery County's Motion in Limine to Exclude Evidence Relating to Other Lawsuits, Dismissed Claims, Alleged Incidents Not the Subject Matter of this Case, Expert Testimony of Non-Expert Witnesses, Hearsay Evidence, and Irrelevant Facts (Doc. #134); (2) Plaintiff's Motion in Limine to Exclude Defendant's Exhibits DX 14 and 15 (Doc. #140); (3) Plaintiff's Motion in Limine to Exclude Testimony of Joe Tuss (Doc. #141); and (4) Defendant's Motion in Limine to Exclude Evidence Relating to Subsequent Changes in Policy (Doc. #147).

I.  **Motions in Limine**

Although neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorizes the Court to rule on an evidentiary motion in limine, the Supreme Court has noted that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The purpose of a motion in limine is to allow the Court to rule on issues pertaining to evidence in advance of trial in order to both avoid delay and ensure an evenhanded and expeditious trial. *See Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). Pretrial orders also often save the parties time and cost in preparing for trial and presenting their cases.

Courts are generally reluctant to grant broad exclusions of evidence in limine, however, because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). A court should not make a ruling in limine unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible. *Indiana Ins. Co.*, 326 F. Supp. 2d at 846; *Koch*, 2 F. Supp. 2d at 1388. If this high standard is not met, evidentiary rulings should be deferred so that the issues may be resolved in the context of the trial. *Indiana Ins. Co.*, 326 F. Supp. 2d at 846.

II. **Defendant's Motions in Limine**

    A. **Defendant's Motion in Limine to Exclude Evidence Relating to Other Lawsuits, Dismissed Claims, Alleged Incidents Not the Subject Matter of this Case, Expert Testimony of Non-Expert Witnesses, Hearsay Evidence, and Irrelevant Facts (Doc. #134)**

        1. **Evidence Related to Other Lawsuits**

Defendant first seeks to exclude evidence of recent unrelated lawsuits involving incidents at the Montgomery County Jail, arguing that such evidence is irrelevant, and the probative value of any such evidence would be substantially outweighed by the danger of unfair prejudice, rendering it inadmissible under Federal Rule of Evidence 403.

3

Plaintiff notes that Federal Rule of Evidence 401 provides that evidence is "relevant" if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." He argues that evidence of other lawsuits involving complaints about conditions of confinement at the Montgomery County Jail makes it more likely that what happened to him was not an isolated event.[1]

In order to succeed on his § 1983 claim against the County, Plaintiff must prove that a custom or policy of the County was the moving force behind the alleged constitutional violation. Certainly, evidence of other incidents or lawsuits involving complaints about conditions of confinement for occupants of the jail *who were on suicide watch* is relevant to proving a custom or policy, and the probative value of such evidence would not be substantially outweighed by the danger of unfair prejudice or confusion of the issues. The same cannot necessarily be said

---

[1] Plaintiff also argues that evidence of other incidents and lawsuits may be admissible under Federal Rule of Evidence 404(b)(2). Although "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," such evidence "may be admissible for another purpose, such as proving . . . absence of mistake or lack of accident." Fed. R. Evid. 404(b). Given that this Rule speaks of a "person's character," the Court questions whether Rule 404(b)(2) applies to governmental entities. *See, e.g.,* 22B Charles Alan Wright and Kenneth W. Graham, Jr. *Fed. Prac. & Proc.* § 5239 (noting that "the rule bars misconduct only as proof of 'character' and it is doubtful that corporations have this attribute."). It could, however, apply to the character evidence of the individual Montgomery County Sheriff's Office employees.

about evidence of other incidents or lawsuits falling outside of this narrow category.

Nevertheless, because it is not clear what evidence, *if any*, Plaintiff intends to introduce concerning other incidents at the Montgomery County Jail, and for what purpose, the Court is not in a position to make a definitive ruling. It will RESERVE RULING and resolve this portion of Defendant's motion if and when the need arises in the context of the trial. Plaintiff's counsel is instructed not to refer to said incidents in his voir dire and opening statements, and to approach the bench prior to introducing evidence of other incidents or lawsuits involving conditions of confinement at the Montgomery County Jail, in order that the Court might rule on same within the context of the trial as it then exists.

### 2.  Evidence Related to Dismissed Claims

Defendant also asks the Court to exclude evidence related to any of Plaintiff's claims that this Court has previously dismissed, including the following: (1) all claims against Sgt. Curtis Laravie, Officer Stacy Frisk, Officer Thomas Connor, Sgt. Jay Vitali and Officer Steven Leopold; (2) all claims of deliberate indifference to serious psychiatric needs; (3) all claims concerning the allegedly nutritionally-inadequate meals that Plaintiff was given at the Jail; and (4) claims brought against Major Wilson and Captain Crosby in their individual capacities. Defendant argues that, not only is such evidence irrelevant to the one remaining claim, but it also would be unfairly prejudicial and confusing to the jury.

In contrast, Plaintiff argues that *all* of the events that he experienced during his eight-month detention contribute to his "conditions of confinement" claim and must be considered by the jury in rendering a verdict. The Court disagrees.

The scope of Plaintiff's one remaining conditions-of-confinement claim is very narrow, the only question being whether he was deprived of the minimal civilized measure of life's necessities in terms of the shelter he was provided at the Montgomery County Jail. Although he may present evidence of the conditions in his cell, *i.e.,* the deprivation of all bedding, the cold air conditioning, the bright lights and the constant noise, evidence of other indignities and deprivations that he might have suffered as a pretrial detainee is no longer at issue. Not only is such evidence irrelevant to the one remaining claim, but its probative value would be substantially outweighed by the danger of unfair prejudice and confusion of the issues. *See* Fed. R. Evid. 401, 402, 403. Accordingly, the Court SUSTAINS this portion of Defendant's motion in limine.

### 3. Expert Testimony of Non-Expert Witnesses

Defendant next asks the Court to preclude lay witnesses from offering expert opinions related to medical or psychiatric symptoms or diagnoses. More specifically, Defendant asks the Court to preclude Kathy Cooper, Plaintiff's mother, from testifying that Plaintiff became emaciated and despondent from lack of sleep.[2]

---

[2] Defendant's brief actually states that Kathy Cooper is expected to testify that Plaintiff was "emancipated." Doc. #134, PageID#1397. The Court presumes

Defendant notes that Federal Rule of Evidence 701 requires lay witness testimony to be: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

Plaintiff denies that he or his mother will offer opinions with a reasonable degree of medical certainty concerning the impact of sleep deprivation on his physical or mental health. He impliedly concedes that this would be impermissible under Rule 701(c). Nevertheless, Plaintiff argues—and the Court agrees— that *he can* testify about what he experienced during his pretrial detention, and his mother can testify about changes she observed in her son's appearance, affect and behavior. The jury then may properly infer that sleep deprivation had a negative impact on Plaintiff's overall health and his mental status.

Accordingly, to the extent that Defendant seeks to exclude Plaintiff or his mother from offering expert witness testimony concerning the impact of sleep deprivation on his physical or mental health, the Court SUSTAINS this portion of the motion in limine. Nevertheless, Cooper and his mother may testify about their perceptions of his physical and mental health during the time at issue.

---

that, because Plaintiff was not a minor at the time in question, this is a typographical error.

4. **Evidence Unsupported by Personal Knowledge/Hearsay Statements**

Defendant next asks the Court to exclude three categories of evidence, either because it is impermissible hearsay or because it is not based on personal knowledge.

**a. Gary Craft's Statement**

According to Defendant, Kathy Cooper testified at her deposition "regarding [an] alleged statement made, and actions taken, by someone with the Ohio Department of Corrections." Doc. #134, PageID#1398. Defendant fails to identify who that person was and fails to cite to any specific page of Cooper's deposition. Nevertheless, the Court presumes that Defendant is referring to Gary Craft, whom Kathy Cooper believed to be the chief inspector at the Ohio Department of Corrections. Cooper testified that Craft asked her to send him copies of the emails that she had exchanged with Crosby and Wilson. "He then called me and said that they haven't listened to you, but they will by God listen to me because what they are doing is against the law. And he said he will have a mat today." Doc. #113, p. 37.

Defendant maintains that this statement is inadmissible hearsay. Plaintiff does not argue otherwise. To the extent that Craft's statement is offered to prove the truth of the matter asserted, *i.e.*, that Plaintiff was legally entitled to a mattress, the Court agrees that this is inadmissible hearsay and SUSTAINS Defendant's motion in this respect. The Court does not discount the possibility, however, that the statement might be admissible for some other purpose.

8

### b. Other Hearsay Statements

In addition, Defendant asks the Court to prohibit, as inadmissible hearsay, the introduction of statements of several individuals who are not scheduled to testify at trial. These statements include two email messages forwarded from Penny Cooper, who is Plaintiff's ex-wife, to Kathy Cooper, Docs. ##43-1, 46-2, declarations of Plaintiff's fellow Montgomery County Jail inmates Philip Smith, Donnie Moore, Thomas Joseph Ray Moore, and Jeremy Foster, Docs. ##43-4, 44-1, 46-1, 60, and a declaration of Plaintiff's grandmother, Shirley Lairmore, Doc. #44. Plaintiff does not dispute that these statements constitute inadmissible hearsay. The Court therefore SUSTAINS this portion of Defendant's motion.

### c. Kathy Cooper's Testimony about Jail Conditions

Defendant also seeks to exclude Kathy Cooper's testimony about Plaintiff's conditions of confinement at the jail. Defendant notes that, although Kathy Cooper regularly visited Plaintiff at the Montgomery County Jail, she did not personally observe the housing conditions at issue. Everything she knows about conditions at the jail comes from what others told her. Given that Federal Rule of Evidence 602 requires any testifying witness to have "personal knowledge" of the matter in question, Defendant argues that her testimony about jail conditions is inadmissible. The Court agrees that Kathy Cooper's testimony must be limited to those topics about which she has personal knowledge. Accordingly, the Court SUSTAINS this portion of Defendant's motion in limine.

Nevertheless, nothing in Rule 602 prohibits Kathy Cooper from testifying about what she personally observed when she visited Plaintiff at the jail, including her perceptions of his physical and mental health. She may also testify about measures she took to intervene on his behalf.

### 5. Irrelevant Evidence

Citing Federal Rule of Evidence 402, Defendant also urges the Court to generally exclude all irrelevant evidence. Given that Defendant cites to no specific evidence other than that previously discussed, the Court cannot make any additional relevancy determinations at this time. The Court therefore RESERVES RULING on this portion of Defendant's motion.

### B. Motion in Limine to Exclude Evidence Relating to Subsequent Changes in Policy (Doc. #147)

Defendant also asks the Court to exclude evidence of subsequent, remedial measures taken by Montgomery County, the Montgomery County Sheriff's Office, or the Montgomery County Jail, related to the events giving rise to this lawsuit. The Court notes that, because this motion was untimely filed, Plaintiff has not had the opportunity to respond. Nevertheless, because Defendant has not shown that evidence of subsequent, remedial measures is clearly inadmissible, the Court makes no definitive ruling at this time.

Federal Rule of Evidence 407 provides as follows:

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:

10

- negligence;
- culpable conduct;
- a defect in a product or its design; or
- a need for a warning or instruction.

But the court may admit this evidence for another purpose, such as impeachment or--if disputed--proving ownership, control, or the feasibility of precautionary measures.

Under Rule 407, Plaintiff is prohibited from introducing evidence of subsequent changes in policy in order to prove Defendant's culpable conduct in this case. However, if the feasibility of providing inmates with suicide mattresses is disputed at trial, Plaintiff may be able to introduce evidence of subsequent remedial measures or changes in policy. Plaintiff's counsel is instructed not to refer to subsequent remedial measures or changes in policy in his voir dire and opening statements, and to approach the bench prior to introducing such evidence, in order that the Court might rule on same within the context of the trial as it then exists. Accordingly, the Court will RESERVE RULING on Defendant's motion.

III. **Plaintiff's Motions in Limine**

A. **Motion to Exclude Defendant's Exhibits 14 and 15 (Doc. #140)**

Plaintiff asks the Court to exclude the presentation of any evidence or testimony concerning Montgomery County Common Pleas Court Case No. 2011CR1983, related to the criminal charges on which Plaintiff was being held as a pretrial detainee in the Montgomery County Jail at the time the events giving rise to this civil lawsuit occurred. Defendant's Exhibit 14 is the Entry and Order

Warrant for Removal, and Defendant's Exhibit 15 is the Termination Entry for that criminal case.

Plaintiff maintains that these documents must be excluded as irrelevant under Federal Rules of Evidence 401 and 402. In the alternative, Plaintiff argues that they should be excluded under Federal Rule of Evidence 403(a) because the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury.

The Court notes that this motion is unopposed, and for good reason. The crime or crimes with which Plaintiff was charged are completely irrelevant to the question of whether Montgomery County violated his constitutional rights by depriving him of constitutionally adequate shelter during the time he was housed in the Montgomery County Jail as a pretrial detainee. Moreover, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403. Accordingly, the Court SUSTAINS Plaintiff's motion to exclude evidence concerning the criminal charges that precipitated his presence at the jail. Doc. #140.

### B.    Motion to Exclude Testimony of Joe Tuss (Doc. #141)

Plaintiff also asks the Court to exclude the lay witness testimony of Joe Tuss, Montgomery County Administrator. He was not identified as a witness until Defendant filed its Amended Disclosure of Lay Witnesses, Doc. #129, on September 18, 2017. Federal Rule of Civil Procedure 26(a)(3)(B) requires that such disclosures be made "at least 30 days before trial." Therefore, Defendant's

disclosure was timely. The problem is that, because the discovery deadline was March 20, 2017, Plaintiff has had no opportunity to depose him. He argues that he would be prejudiced if Tuss is permitted to testify at trial.

Defendant has no response to Plaintiff's claim of prejudice. It argues only that Tuss is the primary representative for Montgomery County and to exclude his testimony "would be to exclude the Defendant itself from testifying." Doc. #148, PageID#1441.

Because it was not clear from the record what the subject matter of Tuss's proposed testimony might be, the Court held a conference call on December 15, 2017, to discuss Plaintiff's motion. Counsel for Defendant stated that Tuss would testify about the structure of Montgomery County government in order to show that: (1) Montgomery County Jail employees are employed by the Montgomery County Sheriff's Office, not the County itself; and (2) jail policy is set by the Sheriff's Office, not the County.[3]

To the extent that Tuss intends to testify that Montgomery County Jail employees are employed by the Montgomery County Sheriff's Office, his testimony would be cumulative. The Sheriff's Office employees, including Major Wilson and Captain Crosby, will presumably be able to identify their employer.

To the extent that Tuss intends to testify that jail policy is set by the Sheriff's Office, and not the County, his testimony is largely irrelevant. Counsel

---

[3] Ohio Revised Code § 341.01 provides that, "[t]he sheriff shall have charge of the county jail and all persons confined therein."

13

appears to believe that, because the County does not set policy for the jail, it cannot be held liable for unconstitutional customs or policies at the jail. As the Court has already explained in its Decision and Entry Overruling Defendant's Motion for Reconsideration, Doc. #138, PageID#1416, this is simply incorrect. *See Marchese v. Lucas*, 758 F.2d 181, 189 (6th Cir. 1985); *Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241 (6th Cir. 1989). Any unconstitutional policies or customs implemented or endorsed by the sheriff are attributable to the County. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). As the Sixth Circuit noted in *Alkire*, "it is not necessary that [the] County officially endorsed these policies or customs through legislative action for it to carry its *imprimatur*." *Id. See also Gulett v. Haines*, 229 F. Supp. 2d 806, 814 (S.D. Ohio 2002) ("Montgomery County may be subject to liability for an unconstitutional custom established by its Sheriff."); *Farmer v. Scioto Cty. Bd. of Commr's*, No. 1:14-cv-251, 2014 WL 3734334, at *5 (S.D. Ohio July 29, 2014) (noting that the county may be held liable under § 1983 if its sheriff implements a policy or custom that violates an individual's constitutional rights).

Moreover, Tuss's testimony on this topic is not necessary. The Court can, and will, instruct the jury, as a matter of law, that the Montgomery County Sheriff has final policymaking authority for the Montgomery County Jail.[4] Plaintiff may

---

[4] It does not matter that the Sheriff has not been named as a party in this action. The Court previously dismissed as duplicative the official capacity claims filed against Montgomery County Sheriff's Office employees, Major Wilson and Captain Crosby, given that an official capacity suit "is the equivalent of an action against

establish the existence of an "official custom or policy" by identifying a formal written policy officially adopted by the Montgomery County Sheriff. In the alternative, he may establish the existence of an "official custom or policy" by identifying a practice that was so persistent and widespread that it constituted a standard operating procedure at the Montgomery County Jail. In such a case, where there is no formal written policy, Plaintiff would also have to show that the Sheriff himself knew about this practice or custom and allowed it to continue.[5]

Certainly, Montgomery County is entitled to have Mr. Tuss sit at counsel table during the trial if he is the primary representative of the County. However, he will not be permitted to testify. Because he was not disclosed as a witness until after the discovery deadline had passed and Plaintiff has not had the opportunity to depose him, it would be prejudicial to allow him to testify at trial. Moreover, for the reasons discussed above, the Court finds that Tuss's proposed testimony concerning the structure of Montgomery County government appears to be largely irrelevant and, where relevant, cumulative of the testimony of other witnesses.

The Court therefore SUSTAINS Plaintiff's motion to exclude Tuss's testimony, Doc. #141.

---

the governmental entity of which the officer is an agent," and Montgomery County was already a party. Doc. #123, PageID#1341.
[5] Of course, Plaintiff must also prove that the constitutional injury was proximately caused by the execution of the official policy or custom.

IV. Conclusion

For the reasons discussed above, the Court SUSTAINS IN PART and RESERVES RULING IN PART on Defendant's Motion in Limine, Doc. #134. The Court RESERVES RULING on Defendant's Motion in Limine to Exclude Evidence Relating to Changes in Policy, Doc. #147.

Plaintiff's unopposed Motion in Limine to Exclude Defendant's Exhibits 14 and 15, Doc. #140, is SUSTAINED, as is Plaintiff's Motion in Limine to Exclude the Testimony of Joe Tuss, Doc. #141.

Date: January 2, 2018

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE